Dear Mayor Smith:
This office is in receipt of your opinion request in which you inquire about the following issues concerning the Town of Arcadia, a Lawrason Act Municipality:
 1. Whether a special meeting called by three of the five members of the Town Council by posting notice on the front door of Town Hall, but without giving notice to the full Town Council or Town Clerk, was a legally held meeting?
 2. Whether it was legal for someone other than the Town Clerk to take the minutes of the meeting?
 3. Whether an ordinance introduced at the special meeting that requires the Town of Arcadia's Water Clerk to make monthly reports to the Mayor and the Town Council usurps the power and authority of the Mayor?
With regards to the first question, it is clear that Louisiana law would allow for the special meeting to take place. However, since this was a meeting of a municipal board, the meeting was still subject to the open meetings laws so as to provide the public due notice of the meeting. Because the notice was posted on the front door of Town Hall at least 24 hours before the meeting with all the requirements set forth in La. R.S. 42:7, the notice provided for the meeting was adequate to meet the proper notice requirements afforded to the public.
However, the main issue that arises is the lack of notice received by all the members of the Town Council. It is in La. R.S. 33:405(c) that we find that special meetings may be called by the majority of the Town Council and that "(t)he board shall establish by ordinance how notice of special meetings shall be provided to *Page 2 
members of the board and the mayor." After reviewing the ordinances provided by the Mayor, the Town of Arcadia does not have an ordinance pertaining to the procedure for notifying the council members or the Mayor of special meetings. As such, it is our opinion that while in this particular case a legal public meeting was held by the Town Council, the Council must enact an ordinance as required by § 405(c) so that Town Council members and the Mayor are given proper notice of special meetings.
Next, our research has not found any provision in the law of Lawrason Act Municipalities that specifically allows for someone other than the Town Clerk to take the minutes of a meeting. La. R.S. 33:421 lists the duties of the clerk, and these duties, in pertinent part, state the following:
 "The clerk shall keep a book to be labeled "Municipal Minutes, City of ______," or "Town of ______," or "Village of ______," as the case may be, in which he shall record the proceedings of the mayor and board of aldermen, and keep the same fully indexed alphabetically, so that all entries on the minutes can be easily found."
However, this language does not appear to prohibit anyone other than the Town Clerk from recording the minutes. As such, we direct you to La. R.S. 33:386, which states that "(t)he mayor, subject to the board's confirmation, shall appoint a town clerk and in the event of a vacancy, the mayor, subject to the confirmation of the board, shall appoint a successor to any such office." Therefore, because the Clerk for the Town of Arcadia is not an elected official and is appointed by the Mayor, it is our opinion that in the absence of the Town Clerk, the Mayor may appoint someone else to take the minutes of the meeting provided that person is confirmed by the Town Council.
In regards to the third question, we direct you to La. 33:404, which states the following:
 A. The mayor shall have the following powers, duties, and responsibilities:
 (1) To supervise and direct the administration and operation of all municipal departments, offices, and agencies, other than a police department with an elected chief of police, in conformity with ordinances adopted by the board of aldermen and with applicable provisions of state law; however, no such ordinance may limit the authority granted to the mayor by this Paragraph. All administrative staff shall be subordinate to the mayor. *Page 3 
 (2) To delegate the performance of administrative duties to such municipal officers or employees as he deems necessary and advisable.
Because the Water Clerk is hired by the Mayor and is an employee of the Town of Arcadia, she is under the direct supervision of the Mayor. It appears that an ordinance requiring the Clerk to provide a detailed report to the Town Council and the Mayor would be a limitation on the authority of the Mayor to supervise municipal employees which is expressly prohibited by the statute. The Board, however, could certainly request copies of all reports made by the employees of the Town and such requests should appropriately be made through the Mayor. Should you have further questions please do not hesitate to contact our office.
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: __________________________________ CHARLES H. BRAUD, JR. Assistant Attorney General
CCF, JR:CHB, JR.